1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  JARROD DECTER,
                                        2:06-cv-1738-MCE-GGH
12          Plaintiff,

13      v.                              MEMORANDUM AND ORDER

14  MOG SALES, LLC, an Ohio
    limited liability company,
15  HAYDEN GILL, an individual,
    ROBERT MUDRYK, an individual,
16  MAX FRESEN, an individual, and
    DOES 1 through 50, inclusive
17
            Defendant.
18
                       ----oo0oo----
19

20      Through the present suit, Plaintiff Decter alleges that

21  Defendants MOG Sales LLC ("MOG"), Hayden Gill ("Gill"), Robert

22  Mudryk ("Mudryk"), and Max Fresen ("Fresen") committed fraud,

23  conversion, breach of contract, and breach of duty of loyalty

24  against him.

25  ///

26  ///

27  ///

28  ///

                                1

Now before the Court is Defendants' motion, pursuant to Federal Rule of Civil Procedure 12(b)(2)[1] and the doctrine of forum non conveniens, to dismiss for lack of personal jurisdiction or alternatively for a transfer of this action to the Eastern Division of the United States District Court for the Northern District of Ohio.  After carefully considering all the papers filed by the parties, Defendants' Motion to Transfer is GRANTED and Motion to Dismiss for Lack of Personal Jurisdiction is DISMISSED as moot.[2]

**BACKGROUND**[3]

Plaintiff is a resident of California.  He alleges that in 2005, he owned and operated the website Gamergod.com out his residence.  Defendant MOG is a Limited Liability Corporation operating under Ohio law and maintaining a principal place of business in Cleveland, Ohio.  Defendant Gill is President and Defendant Mudryk is Chief Operating Officer/Chief Information of Defendant MOG, both reside in Ohio.  Defendant Fresen is a resident of Massachusetts and is currently an employee of Defendant MOG.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[3] The Court relies on the allegations contained in Plaintiff's Complaint, as well as those contained within his declaration (see Decl. of Jarrod Decter, Ex. 1 to Pl.s' Opp'n) in reciting the alleged facts of this case.

1    In May or June of 2005, Plaintiff met Defendant Gill online,
2 using Microsoft Live Windows Messenger.  The online communication
3 led to a business relationship between Plaintiff and Defendants
4 premised on the expansion of Plaintiff's website.

5    In June of 2005, Plaintiff traveled to Ohio to discuss the
6 anticipated business venture with Defendant Gill and Defendant
7 Mudryk.  While the details of the new partnership were not
8 finalized, the meeting, which lasted several days, led to
9 significant progress.  At the conclusion of the negotiations,
10 Defendant MOG hired an Ohio law firm to draft the necessary
11 papers for creating a new legal entity.  Additionally, in belief
12 that a final partnership would be reached, Plaintiff claims that
13 he disclosed confidential codes and passwords necessary to
14 operate Gamergod.com to Defendants.  Plaintiff also hired
15 Defendant Fresen as a development manager for his own website.
16 During the course of the meeting, Plaintiff claims that Defendant
17 MOG offered him employment, which he accepted.  Plaintiff
18 allegedly began working for Defendant MOG on June 27, 2005 from
19 his residence in California.[4]

20    Plaintiff asserts that after he returned to California, he
21 continued to work with Defendants from his residence in
22 finalizing the joint business venture.

23 ///

24 ///

25

26    [4] Defendants do not dispute that Plaintiff was employed by
Defendant MOG. Rather, Defendants assert that the employment was
27 a "temporary arrangement to be used until Decter [Plaintiff] and
MOG were able to get their anticipate entity formed under Ohio
28 law and operating in Ohio" (Def.'s Reply 4: 6-9).

1  According to Plaintiff, on March 17, 2006 he discovered not only
2  that his employees had resigned and started working for Defendant
3  MOG, but that he was also locked out of his website.  On March
4  30, 2006, Plaintiff received his last pay check from Defendant
5  MOG.  Plaintiff claims he was denied severance pay, as provided
6  for in his employment contract.

7

8                                **STANDARD**

9

10 **1. Motion to Transfer Pursuant 28 U.S.C. § 1404(a)[5]**

11      28 U.S.C. § 1404(a) ("Section 1404(a)") provides in
12 pertinent part as follows: "[f]or the convenience of parties and
13 witnesses, in the interest of justice, a district court may
14 transfer any civil action to any other district or division where
15 it might have been brought." Under Section 1404(a), a district
16 court has discretion "to adjudicate motions for transfer
17 according to an 'individualized, case-by-case consideration of
18 convenience and fairness.'" <u>Jones v. GNC Franchising, Inc.</u>, 211
19 F.3d 495, 498-499 (9th Cir. 2000) (citing <u>Stewart Org. Ricoh</u>
20 <u>Corp.</u>, 487 U.S. 22, 29 (1988)).
21 ///

22

23         [5] While the Defendants moved to transfer the present matter
   under the doctrine of forum non conveniens, the Court interprets
   this motion as a motion to transfer under 28 U.S.C. § 1404(a).
24 It has long been recognized "that Sec. 1404(a) 'was drafted in
   accordance with the doctrine of forum non conveniens." <u>Foster-</u>
25 <u>Milburn Co. v. Knight</u>, 181 F.2d 949, 952 (2nd Cir. 1950); see
   also <u>Rogers v. Halford</u>, 107 F. Supp. 295, 297 (D. Wis. 1952)
26 (finding that the intent of "Congress in enacting Section 1404(a)
   was to adopt legislatively the doctrine of forum non
27 conveniens"(citing <u>Gulf Oil Corp. v. Gilber</u>, 330 U.S. 501, 507
   (1947)).
28

                                    4

1   The moving party must make "a strong showing of inconvenience to

2   warrant upsetting the plaintiff's choice of forum." Hope v. Otis

3   Elevator Co., 389 F.Supp.2d 1235, 1242 (E.D. Cal. 2005) (quoting

4   Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 743

5   (9th Cir. 1986)).

6       In determining whether a transfer is appropriate in a

7   particular case, a court must consider multiple public and

8   private factors: (1) convenience of the parties; (2) convenience

9   of the witnesses; (3) ease of access to the evidence; (4)

10  familiarity of each forum with the applicable law; (5) local

11  interest in the controversy; and (6) the relative court

12  congestion and time of trial in each forum.  Id.  As a threshold

13  matter, it is undisputed that the Northern District of Ohio is a

14  proper venue for this action.  The question hence becomes whether

15  this matter should be transferred to Ohio upon application of the

16  factors relevant to determining the efficacy of such a transfer.

17  Those factors, as enumerated above, will now be addressed.

18

19                          **ANALYSIS**

20

21  **1.   Convenience of the Parties**

22       This factor should favor the non-moving party if it merely

23  shifts inconveniences from the defendants to the plaintiffs.

24  DeFazio v. Hollister Employee Share Ownership Trust, 406 F.Supp.

25  2d 1085, 1090 (E.D. Cal 2005).

26  ///

27  ///

28  ///

1   It is undisputed that the Northern District of Ohio is a
2   more convenient forum for Defendants because Defendants'
3   operations, employees and records are situated almost exclusively
4   in Ohio.  This District on the other hand is more convenient and
5   cost effective for Plaintiff because he resides here and has
6   retained California counsel.  A transfer would merely shift the
7   burden of an inconvenient forum from the Defendants to the
8   Plaintiff.  The Court finds, based on the presumption supporting
9   the non-moving party, that this factor weighs against
10   transferring this action.

11

12   **2.   Convenience of the Witnesses**

13   The convenience of the witnesses is said to be the most
14   important factor in considering a transfer motion.  <u>L.A. Mem'l</u>
15   <u>Coliseum Comm'n v. Nat'l Football League</u>, 89 F.R.D. 497, 501
16   (C.D. Cal. 1981).

17   All of Defendants' witnesses are located in Ohio or
18   Massachusetts.  Specifically, the law firm hired to create the
19   business entity between Plaintiff and Defendants, the source of
20   this dispute, is located in Ohio, as are most of Defendant MOG's
21   employees.  Although Plaintiff lives in California, he failed to
22   identify any witness that resides in this forum.  Accordingly,
23   the Court finds that this factor substantially supports
24   transferring this action to Ohio.
25   ///
26   ///
27   ///
28   ///

6

**3.    Ease of Access to the Evidence**

When "the location of the evidence is supported by other factors in favor of transfer, the relative ease of access to proof is an important factor to be considered in deciding whether to grant a motion to transfer under section 1404." <u>Jarvis v. Marietta Corp.</u>, 1999 U.S. Dist. LEXIS 12659 (N.D. Cal. 1999) (citing <u>Decker Coal</u>, 805 F.2d at 843).

All of Defendants' witnesses, as well as most of the evidence in this case, is located in Ohio.  The anticipated business venture, between Plaintiff and Defendants, was negotiated in Ohio, and the evidence concerning those negotiations, including the June 2005 meeting conducted in Ohio, unquestionably derives from witnesses and/or documents within Ohio.  Plaintiff claims evidence of his damages is located in California, but identifies no evidence going to the merits of the claims located in this State.  The Court finds that the location and access to the majority of the evidence weighs strongly in favor of the Defendants' Motion to Transfer.

**4.    Governing Law**

While it is not definite at this stage of litigation, there is a strong indication that Ohio law will control at least a significant portion of the claims in this lawsuit.  The developing business venture between Plaintiff and Defendants was organized under Ohio law, Defendant MOG operates under Ohio law, and the employment relationship between Defendant MOG and Plaintiff commenced in Ohio.

///

Besides the harm Plaintiff allegedly suffered and the work he performed in California under his employment contract with Defendant MOG, all other aspects of this lawsuit are Ohio based, providing a substantial and persuasive argument for Ohio law to apply.

Clearly, an Ohio court would be more familiar with the contours and applicability of Ohio law, than one sitting in California.  Consequently, the Court finds this factor tips in favor of Defendants.

**5.   Local Interest in the Controversy**

The Court acknowledges that California maintains an interest in protecting Plaintiff, as one of its residents, from suffering emotional and economic harm.  However, given that most of the documentary evidence, witnesses, and actions at issue in this case are in, or occurred in, Ohio, the Court finds that Ohio has a greater local interest in the controversy at issue than does California.

**6.   Relative Court Congestion in Each Forum**

Neither party specifically addressed this factor in their papers.  Because the Eastern District of California is one of the most congested district courts in the country, however, this factor would appear to support transferring this action to Ohio.

///

///

///

///

**CONCLUSION**

While the Plaintiff's choice of forum is given substantial weight when determining to transfer pursuant to 28 U.S.C. § 1404(a), the Court finds that Defendants have satisfied their burden showing that the convenience of the parties and witnesses and the interest of justice warrants transfer.  Accordingly, Defendants' Motion to Transfer this action to the Eastern Division of the United States District Court for the Northern District of Ohio is GRANTED.  Consequently, Defendants Motion to Dismiss for Lack of Personal Jurisdiction is DISMISSED as moot.

IT IS SO ORDERED.

DATED: December 13, 2006

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE